Case 1:12-cv-03666-ENV-CLP   Document 1   Filed 07/24/12   Page 1 of 10 PageID #: 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ JUL 24 2012
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRAIDIE RINGEL AND CHANA RUBASHKIN
on behalf of themselves and
all other similarly situated consumers

                  Plaintiffs,

-against-

KORSINSKY & KLEIN, LLP
AND MICHAEL KORSINSKY

                  Defendants.

CV-12 3666

POLLAK, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Fraidie Ringel and Chana Rubashkin seek redress for the illegal practices of Korsinsky & Klein, LLP and Michael Korsinsky in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 15 U.S.C. 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendants sought to collect from the Plaintiffs involves a consumer debt.

-1-

5. Upon information and belief, Defendants' principal place of business is located within New York, New York.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Fraidie Ringel and Chana Rubashkin*

10. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. On or about July 9, 2012, Defendants sent collection letters to the Plaintiffs respectively, communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (Computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3)), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y.

Sept. 7, 2011) (Same) <u>Cordes v. Frederick J. Hanna & Assocs., P.C.</u>, 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

12. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. <u>Clomon v. Jackson.</u>, 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232, 1237-38 (5th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222, 229 (7th Cir. 1996); <u>Martsolf v. JBC Legal Grp., P.C.</u>, No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); <u>Sonmore v. Checkrite Recovery Servs.</u>, Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); See Also. <u>Suquilanda v. Cohen & Slamowitz LLP</u>., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ( "Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)"

13. The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have

any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

14. Although Korsinsky & Klein, LLP and Michael Korsinsky may technically be a law firm and attorney, they were not acting in the capacity of a law firm and attorney with respect to the said letters. The inclusion of "Attorneys At Law" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

15. If Korsinsky & Klein, LLP and Michael Korsinsky desire to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, they are free to do so under the law of the Second Circuit so long as its each and every one of their standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also. Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's

letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

See, e.g. Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".

16. On or about July 9, 2012, Defendants printed and mailed, or caused to be printed and mailed, a letter to Plaintiffs in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendants' communications are attached hereto.

17. Defendants, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendants in mailing the above-cited letter to Plaintiffs.

18. Defendants mail, or cause the mailing of, thousands of collection letters like the one sent Plaintiffs without conducting any meaningful review of the accounts.

19. The letters the Defendants mails, or causes to be mailed, are produced by Defendants' concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

20. The said letters represent a standardized form letter.

21. Defendants violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the

-5-

communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendants.*

22. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through twenty-one (21) as if set forth fully in this cause of action.

23. This cause of action is brought on behalf of Plaintiffs and the members of a class.

24. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letters were sent to a consumer seeking payment of a consumer debt; and (c) that the collection letters used an attorney letter head which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney (d) the letters were sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (e) the Plaintiffs assert that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

25. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

-6-

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendants.

(d) The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

26. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

-7-

27. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

29. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

30. Because the Defendants violated of the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in Plaintiffs' favor and against the Defendants and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 18, 2012

*(signature)*
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

*(signature)*
Adam J. Fishbein (AF-9508)

# KORSINSKY & KLEIN, LLP

ATTORNEYS AT LAW
30 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004

July 9, 2012

TEL: (212) 363-7800

FRAIDIE RINGEL
101 Webster Ave
Brooklyn NY 11230-1015

Re:

| | |
|---|---|
| Creditor: Maimonides Medical Center | Debtor(s): Fraidie Ringel |
| Patient Account No. 241125 | Patient: Fraidie Ringel |
| Balance Due: $45.61 | File No. 15169857 |

Dear Fraidie Ringel:

Our office represents Maimonides Medical Center where Fraidie Ringel received services. This account has been referred to our law firm for collection.

Our client has advised us that the outstanding debt due and owing to it is $45.61. This balance may represent your insurance deductible, or a claim that your insurance carrier denied. Prior efforts to obtain voluntary payment from you have not been successful.

In this regard, unless you notify this office within thirty (30) days from receiving this notice that you dispute the validity of the debt or any portion thereof, our office will assume that the debt is valid. Our office can mail you verification of the debt if you notify our office in writing within thirty (30) days from receiving this notice. If you request this verification, our office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Kindly forward any and all remittances to our firm. You can mail a check payable to the law firm of **Korsinsky & Klein LLP, 30 Broad Street, 24th Floor New York, NY 10004-2304**. If you would like to make payment by credit or debit card please visit **www.kkpayments.com**, or fill out and return the form below, or contact us at (212) 363-7800. If you cannot pay the full amount in one payment, we may arrange for a mutually satisfactory payment arrangement. We trust that you will avail yourself of this opportunity to dispose of this claim amicably.

If you have any further questions please feel free to contact us at (212) 363-7800 or by email at sol@kklawfirm.com.

Very truly yours,
KORSINSKY & KLEIN LLP

By: _____
Michael Korsinsky, Esq.

3878-CLKLEN10-ALTR10-1/06/10

*** Please detach the lower portion and return with your payment ***

Y12053FC06

LAW OFFICES OF KORSINSKY & KLEIN, L.L.P.
30 Broad Street, 24th Floor
New York NY 10004-2304
FORWARDING SERVICE REQUESTED

| IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW. |
|---|
| MasterCard   VISA   DISCOVER   [AmEx] |
| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

File No.        15169857
Balance Due:    $45.61

ALTR10 - 3878
FRAIDIE RINGEL
101 Webster Ave
Brooklyn NY 11230-1015



Korsinsky & Klein LLP
30 Broad Street, 24th Floor
New York NY 10004-2304